IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

QUADALE D. COLEMAN

      v.

UNITED STATES OF AMERICA

OPINION AND ORDER

10-cv-736-wmc

---

Petitioner Quadale D. Coleman filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct the prison sentence that he received in *United States v. Coleman*, Case No. 07-cr-80-jcs (W.D. Wis.). Coleman argues primarily that the district court erred by sentencing him as a "career offender" under § 4B1.1 of the United States Sentencing Guidelines. After this court granted relief on that claim, the Seventh Circuit reversed, *United States v. Coleman*, 763 F.3d 706 (7th Cir. 2014), *cert. denied*, — U.S. —, 2015 WL 730940 (March 23, 2015), and remanded the case for further proceedings, "including consideration of any remaining issues presented in the § 2255 motion." Because those remaining issues -- claims for ineffective assistance of counsel on the part of Coleman's trial and appellate attorneys -- do not merit relief, Coleman's § 2255 motion must now be denied.

FACTS

On August 8, 2007, Coleman pled guilty to possession with intent to distribute a controlled substance -- cocaine base (crack cocaine) -- in violation of 21 U.S.C. § 841(a)(1). Pursuant to the parties' plea agreement, the other count in the indictment, charging Coleman with unlawful possession of a firearm as a felon, was dismissed.

1

For purposes of sentencing, the Probation Office determined that Coleman possessed 121.939 grams of crack cocaine, which warranted a base level score of 32 under § 2D1.1 of the Sentencing Guidelines. With a 2-level increase for having a firearm in proximity to the drugs and a 3-level reduction for acceptance of responsibility, Coleman's total offense score was adjusted to 31. With a total of 12 criminal history points, placing him within Criminal History Category V of the Guidelines, Coleman faced a range of imprisonment of between 168 and 210 months.

In calculating Coleman's potential sentence, the Probation Office also recommended an additional enhancement under Guideline § 4B1.1, which applies where a defendant is classified as a "career offender."[1] Specifically, the Probation Office found that the following prior felony convictions qualified as a controlled substance offense and a crime of violence, respectively, for purposes of the career-offender enhancement: (1) Coleman's conviction for possession with intent to distribute cocaine base in Dane County Case Number 95CF447; and (2) Coleman's conviction for sexual assault of a child in violation of Wis. Stat. § 948.02(2) in Dane County Case Number 95CF1672. With the career-offender enhancement, Coleman was placed in Criminal History Category VI.

---

[1] A defendant is a career offender, and subject to an enhanced sentence under Guideline § 4B1.1(a), if the following criteria are met: "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." A "crime of violence" is defined in Guideline § 4B1.2(a) to mean "any offense under federal or state law, punishable by imprisonment for a term exceeding one year," that — (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; or (2) "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

As a result, Coleman's recommended range of imprisonment under the advisory guidelines increased to 188–235 months.

At sentencing on November 2, 2007, the district court found that Coleman was a career offender and applied the enhancement found in § 4B1.1. Coleman's trial attorney did not object to this enhancement, but argued instead that the criminal history score and his placement in Criminal History Category VI overstated Coleman's record because he was not a "violent offender." The district court overruled those objections and sentenced Coleman at the upper end of the advisory guideline range to 225 months in prison, followed by a five-year term of supervised release.

On direct appeal, Coleman argued that he was entitled to resentencing under *United States v. Kimbrough*, 552 U.S. 85 (2007), which recognized a lower range of punishment for certain convictions involving the possession of crack cocaine. As a career offender, the Seventh Circuit found Coleman ineligible for relief under *Kimbrough* and affirmed the conviction in an unpublished opinion. *See United States v. Coleman*, 349 F. App'x 109, 2009 WL 3427549 (7th Cir. Oct. 26, 2009). Coleman did not petition for a writ of certiorari from that decision, and his conviction became final on January 26, 2010.

In seeking relief from his sentence under 28 U.S.C. § 2255, Coleman maintains that he was improperly classified as a career offender. Relying on a change in the law that occurred after his sentencing and appeal, Coleman argues that his prior conviction for second-degree sexual assault of a child under Wis. Stat. § 948.02(2) does not qualify as a crime of violence for purposes of § 4B1.1 and that he was not eligible for the career offender enhancement. Acknowledging that he did not raise this issue at sentencing or

on direct appeal, Coleman argues that he is entitled to relief under § 2255 because his attorneys were deficient in failing to do so.

## OPINION

A motion for relief under 28 U.S.C. § 2255 invokes "an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 520 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006)). To obtain relief, a prisoner must show that the district court sentenced him "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack." 28 U.S.C. § 2255. Here, Coleman contends that he is entitled to relief because he was denied effective assistance of counsel at sentencing and on direct appeal in violation of the Sixth Amendment.

### I. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to have the assistance of counsel at trial. Claims for ineffective assistance of counsel are analyzed under the now well-established standard in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under this standard, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice

as a result of the alleged deficiency. *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000). "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687.

At the time that Coleman's sentencing and direct appeal, however, it was settled in this circuit that sexual assault of a child in violation of Wis. Stat. § 948.02(2) was a crime of violence. *See United States v. Shannon*, 110 F.3d 382 (7th Cir. 1997) (en banc). After Coleman's appeal was decided in 2009, the Seventh Circuit overruled its decision in *Shannon* and held that a prior Wisconsin conviction for statutory rape or sexual assault of a child under Wis. Stat. § 948.02(2) did not qualify as a crime of violence. *See United States v. McDonald*, 592 F.3d 808 (7th Cir. 2010). Coleman maintains that his attorneys should have anticipated this change in the law and argued that his prior felony conviction under Wis. Stat. § 948.02(2) neither constituted a crime of violence nor a predicate felony for purposes of the career-offender enhancement.

Coleman's contention is insufficient to demonstrate deficient performance. As a preliminary matter, the then state of the law notwithstanding, the sexual assault described in the PSR is not one that would have readily appeared to qualify as non-violent. *See* Dkt. # 24, PSR ¶ 36 (noting that Coleman approached a 14-year-old female, grabbed her, and carried her into an empty basement storage locker in an adjacent building, where he sexually assaulted her despite repeated cries for help). More importantly, an attorney's failure "to anticipate shifts in legal doctrine cannot be condemned as objectively deficient." *Knox v. United States*, 400 F.3d 519, 522 (7th Cir. 2005); *see also Groves v.*

*United States*, 755 F.3d 588, 593 (7th Cir. 2014) ("We cannot say that counsel's performance 'fell below an objective standard of reasonableness,' because counsel failed to anticipate *Descamps* [*v. United States*, 133 S. Ct. 2276 (2013)] and future Seventh Circuit case law clarifying the application of § 4B1.2(a)(2)."); *United States v. Smith*, 241 F.3d 546, 548 (7th Cir. 2001) (rejecting as untenable any ineffective-assistance claim based on counsel's failure to anticipate *Apprendi v. New Jersey*, 530 U.S. 466 (2000)); *Lilly v. Gilmore*, 988 F.2d 783, 786 (7th Cir. 1993) ("The Sixth Amendment does not require counsel to forecast changes or advances in the law[.]").

Because Coleman has not established deficient performance by his trial or appellate counsel, he cannot satisfy the *Strickland* standard nor show that he is entitled to relief under § 2255. Accordingly, his motion must be denied.

## II. Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2255 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated, reasonable jurists would not debate the decision that defendant's motion should be denied because his claims are without merit. Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED that:

1. Quadale D. Coleman's motion for relief under 28 U.S.C. § 2255 is DENIED.

2. A certificate of appealability is also DENIED. Defendant may, if he wishes to do so, seek a certificate from the court of appeals under Fed. R. App. 22.

Entered this 10th day of June, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge